## COMMONWEALTH *vs.* PETER GIBNEY.

An indictment for a riot must charge an unlawful assembling together by the defendants.

An indictment cannot be sustained which charges that the defendants, five in number together with divers others, to the number of twelve and more, at a specified time and place, "with force and arms, to wit, with clubs, staves, stones and other dangerous and offensive weapons, a certain building there situate, called the Union Hall, the property of one Thomas E. Foy, in the night time, unlawfully, riotously and routously did attack and beset, and did then and there unlawfully, riotously, routously and outrageously make a great noise, disturbance and affray, near to and about the said building, and did unlawfully, riotously and routously continue near to and about and in the said building, making such noise, disturbance and affray, for a long space of time, to wit, for the space of one hour, and the doors and windows of the said building did then and there unlawfully, riotously and routously, with the dangerous and offensive weapons aforesaid, break, destroy and demolish ; to the great damage of the said Thomas E. Foy, to the great terror of divers good people of said commonwealth then and there lawfully being, against the peace," &c.

INDICTMENT, charging that the defendants, five in number, " together with divers others, to the number of twelve and more, to the jurors aforesaid unknown, being evil disposed and riotous persons, and disturbers of the peace of said commonwealth, on the thirty-first day of December in the year of our Lord one thousand eight hundred and sixty, at North Andover, in the county of Essex aforesaid, with force and arms, to wit, with clubs, staves, stones and other dangerous and offensive weapons, a certain building there situate, called the Union Hall, the property of one Thomas E. Foy, in the night time, unlawfully, riot ously and routously did attack and beset, and did then and there unlawfully, riotously, routously and outrageously make a great noise, disturbance and affray, near to and about the said building, and did unlawfully, riotously and routously continue near to and about and in the said building, making such noise, disturbance and affray, for a long space of time, to wit, for the ° space of one hour, and the doors and windows of the said building did then and there unlawfully, riotously and routously, with the dangerous and offensive weapons aforesaid, break, destroy and demolish ; to the great damage of the said Thomas E. Foy, to the great terror of divers good people of said commonwealth then and there lawfully being, against the peace," &c.

After a verdict of guilty in the superior court, Peter Gibney, one of the defendants, moved in arrest of judgment for reasons indicated in the opinion ; but the motion was overruled by *Morton*, J., and the defendant alleged exceptions.

No counsel appeared for the defendant.

*Foster*, A. G., for the Commonwealth, cited *Rex* v. *Storr*, 3 Burr. 1701; *The King* v. *Wilson*, 8 T. R. 357; *Respublica* v. *Teischer*, 1 Dall. 335 ; *United States* v. *Hart*, 1 Pet. C. C. 390 ; *Commonwealth* v. *Hoxey*, 16 Mass. 384 ; *Harding's case*, 1 Greenl. 22 *The State* v. *Langford*, 3 Hawks, 381 ; *The State* v. *Simpson*, 1 Dev. 504 ; *Commonwealth* v. *Wing*, 9 Pick. 1 ; *The State* v. *Batchelder*, 5 N. H. 549 ; *The State* v. *Tolever*, 5 Ired. 452 ; *Commonwealth* v. *Shattuck*, 4 Cush. 141 ; 1 Russell on Crimes, (7th Amer. ed.) 53.

DEWEY, J. It was held as early as *Regina* v. *Soley*, 2 Salk

594, that judgment should be arrested and the indictment held bad, " because it is not said that the defendants unlawfully assembled." The proposition thus stated seems to be held as correct in the later elementary writers. To maintain an indictment for a riot, it is said in Archb. Crim. Pr. 589, that the prosecutor must prove : 1. The assembling ; 2. The intent — namely, " that they so assembled together with intent to execute some enterprise, of a private nature, and also mutually to assist one another against any person who should oppose them in doing so. The intent is proved in this, as in every other case, by proving facts from which the jury may fairly presume it." The definition of a riot includes the statement " of three persons or more assembling together." 1 Russell on Crimes, 266. In 2 Deacon's Crim. Law, 1113, a riot is said to be " a tumultuous meeting of three or more persons, who actually do an unlawful act of violence, either with or without a common cause or quarrel; " " or even do a lawful act, as removing a nuisance, in a violent and tumultuous manner."

The distinction in criminal treatises, in the definitions of riots, routs and unlawful assemblies, assumes that there must be an assembling together, and an unlawful assembly; although the assembly may not have been unlawful on the first coming together of the parties, but becomes so by their engaging in a common cause, to be accomplished with violence and in a tumultuous manner. And the precedents for indictments for a riot, with the exception of a single one in Davis's Precedents, the others in that book being different, all allege an unlawful assembling together. This seems to be a necessary form in a proper indictment for a riot, although the proof of such unlawful assembly may be made by showing three or more persons acting in concert in a riotous manner, as to using violence, exciting fear, &c.

The present indictment cannot therefore be sustained as a good indictment for a riot, for want of proper allegations of the assembling together of three or more persons.

It cannot be sustained as an indictment for forcible entry, the allegations not being adapted to a charge of that offence.

It cannot be sustained as an indictment for malicious

mischief, for the like reason. Nor can it be maintained as a charge at common law for a disturbance of the peace. A man cannot be indicted for a mere trespass. No indictment lies at common law for mere trespass committed to land or goods unless there be a riot or forcible entry. *The King* v. *Wilson* 8 T. R. 357. The words "violently and routously," here used have no particular pertinency, except as terms appropriate to a formal indictment for riot, charging also an unlawful assem bly. In the present indictment there is nothing more alleged than a trespass, with violence. There is no allegation that any person was in the building, but only of a breaking of doors and windows of a building, which might be a mere trespass.

If the case was a proper one for an indictment for a riot, as it probably was, that offence not being properly charged, the indictment is bad, and the motion in arrest of judgment must prevail. *Judgment arrested*